UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | |
|---|---|
| JIMMY JOSEPH NEWELL, | ) |
| Plaintiff, | ) |
| v. | ) No.: 1:17-cv-00076 |
| J. MIDDLETON, Corporal, | ) REEVES/STEGER |
| Defendant. | ) |

## MEMORANDUM and ORDER

Following the partial dismissal of state prisoner Jimmy Joseph Newell's pro se civil rights complaint under 42 U.S.C. § 1983 and two unsuccessful appeals, the Western District transferred the case to this Court [Doc. 39]. The complaint was screened prior to the transfer, and a single claim survived the screening process [Doc. 27]. That claim is that Defendant Corporal J. Middleton, a correctional officer at the Bledsoe County Correctional Complex (BCCX) in Pikeville, Tennessee, used excessive force against Plaintiff Newell by slamming him against a bus at the Charles Bass Correctional Complex in Nashville, Tennessee, while Plaintiff was enroute from the BCCX to another Tennessee prison in Whiteville, Tennessee. [Docs. 27 and 33].

Under the Eighth Amendment, the use of excessive force against prisoners may constitute cruel and unusual punishment. *Hudson v. McMillian*, 503 U.S. 1, 5 (1992); *Burgess v. Fischer*, 735 F.3d 462, 472 (6th Cir. 2013) (noting that "the Eighth Amendment's ban on cruel and unusual punishment bars excessive force against convicted persons"). Even so, not every use of intentional force on a prisoner by a prison official will rise to the level of an Eighth Amendment violation. *See Parrish v. Johnson*, 800 F.2d 600, 604 (6th Cir. 1986). "[T]he good faith use of physical force

in pursuit of valid penological or institutional goals will rarely, if ever, violate the Eighth Amendment." *Id.*

Inasmuch as the transferor district court found that Plaintiff stated a plausible excessive force claim against Defendant Middleton, the Clerk is **DIRECTED** to send Plaintiff a service packet. (The packet contains a blank summons and USM 285 form.) Plaintiff is **ORDERED** to complete the service packet as to Defendant Middleton and to return it to the Clerk's office within twenty-one (21) days of the date on this Order. Plaintiff is forewarned that failure to return the completed service packet within the time required could jeopardize his prosecution of this action. When the completed service packet is received, the summons will be signed and sealed by the Clerk and forwarded to the U.S. Marshal for service upon Defendant Middleton. Defendant is **ORDERED** to respond to the complaint in the manner and within the time required by the Federal Rules of Civil Procedure.

Plaintiff is **ORDERED** to inform the Court of any address change within fourteen (14) days following such change. Plaintiff is cautioned that his failure to do so will result in a dismissal of this action for failure to prosecute.

**SO ORDERED.**

*/s/ Pamela L. Reeves*
**UNITED STATES DISTRICT JUDGE**

2

Case 1:17-cv-00076-PLR-CHS   Document 41   Filed 03/24/17   Page 2 of 2   PageID #: 161